**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MARIA MAGDALENA GUTIERREZ LIRA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 1:26-cv-07864-JLT-EGC

A-Number: 221-462-911

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Maria Magdalena Gutierrez Lira is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection at an unknown date or place. (Doc. 1 at ¶ 16; Doc. 6-1 at 3.) Petitioner has resided in the United States for approximately twenty-three years, has established deep family and community ties, and has no criminal history. (*Id.*) On August 5, 2026, ICE arrested and detained Petitioner during a traffic stop in Moreno Valley, California. (Doc. 1 at ¶ 17; Doc. 6-1 at 2.) That

same day, a Form I-200 Warrant for Arrest of Alien was issued for Petitioner (*See* Doc. 6-2) and Petitioner was served with a Notice to Appear charging her pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*See* Doc. 6-3.) Petitioner is currently detained at the California City Detention Facility in California City, California. (Doc. 1 at ¶ 1.)

On September 24, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that she is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at ¶¶ 43-49.)[1] On April 31, 2026, Respondents filed an opposition in which they argue that (1) Petitioner is properly detained under 8 U.S.C. § 1226(a) and (2) must exhaust her administrative remedies prior to seeking habeas relief by requesting to re-calendar her bond hearing pursuant 8 C.F.R. § 1003.19(e). (*See* Doc. 6 at 1-2.) Respondents assert that Petitioner was scheduled for a bond hearing on September 17, 2026, but ultimately withdrew the request. (Doc. 6-5.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their opposition, Respondents contend that because Petitioner did not request a custody redetermination pursuant to 8 CFR § 1003.19, she failed to exhaust her administrative remedies before bringing this action. (*See* Doc. 6 at 1-2.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals

---

[1] Petitioner also asserts violations of Immigration and Nationality Act, the Administrative Procedure Act, and the Fourth Amendment. (Doc. 1 at ¶¶ 38-42, 50-61.) The Court declines to address such claims, as habeas relief in this case is predicated on Petitioner's due process claims.

before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

In this case, the Court finds that the pursuit of administrative remedies would be both a futile gesture and result in irreparable harm and adopts its prior reasoning. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the Court waives the prudential exhaustion requirement and turns to Petitioner's due process claims.

**B. Due Process**

Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials. As such, pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. Moreover, this Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and

have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention. *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Because Petitioner has never been assessed by immigration authorities for danger or flight risk, the Court finds that the appropriate remedy in this case is a bond hearing under 8 USC § 1226(a), and will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. **<u>At least 72 hours before</u>** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the

hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _October 4, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE